# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BRUD ROSSMANN,<br>Plaintiff, | Case No. 1:17-cv-661<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| DONALD TRUMP, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se civil action against over 30 individuals and entities, including the President of the United States, the Secretary of State of the United States, "Juris Doctors," "Lawyers," "Medical Doctors," the CIA Office of Medical Services, "Similar 'Human Resource' Functions of the FBI, NSA, Other DOD," and the Israeli Government, among others. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

1. The Plaintiff, Brud Rossmann, a former decorated Trial Attorney of the U.S. Department of Justice, receiving "Outstanding" performance reviews when handling both National Security matters and Billion Dollar cases, Honors graduate of Harvard Law School, (cum laude, 1989), excellent reviews when managing a leading investment fund, with possibly Best in World Investor status and financial returns, as the best fund manager of the world's arguably leading venture capital fund of all time, AOL Investments, if not AOL Time Warner Ventures, an IQ that possibly ranges to 186, 1 in 26 million or 202 million people, see attached, and recipient of a community service award from the Attorney General of the United States of America for his volunteer work in the African American community of Anacostia, MD, outside of Washington, D. C. brings this Complaint. Select proof is annexed hereto.

\*
\*
\*

5. Recent confirmations of both Brud Rossmann's professional acumen and mental health are robust, unanimous and belie his cashless, homeless, jobless, and unemployable status over many years now. In other words, Brud Rossmann, the Plaintiff, should be worth about $65 million, per statements, estimates of Anthony Scaramucci, then of Neuberger, Berman (7/1/02 : "you are a guy who someday will probably be worth $50 to $100 million", near verbatim), IRS reporting, other sources. Personal net worth estimates, normalized, range to Billionaire status and for years.

\*
\*
\*

3

8. Brud Rossmann brings the most unusual and truthful of Complaints for the twisted psychopathology and idiocy of the named and associated Defendants, all skewing Apparatchik, and all proven, in agency or as principals, guilty of Brud Rossmann's attempted murder, false imprisonment, extreme torture, implausible impoverishment, unemployability, worse. IRS rulings, findings, other official statements, findings corroborate.

9. Proceeding on the worst of bases, sociological biases, pro-Jewish, anti-German, pro-male hating female or violent homosexual , anti-normal heterosexual male, pro-African American, anti-Caucasian, pro-Minority, anti-Caucasian, or so called "White", pro-Apparatchik English or WASP, anti-normal English or normal-WASP, as well as anti-meritocracy, anti-Athletic, type A male, anti-true Equity, anti-decency, and pro-Coward, Thuggish, Stupid, Contemptible, Apparatchik, low end sh*tbag garbage Evil, these idiots and others are proven guilty of (a) blocking Brud Rossmann from exiting this sh*thole, the United States of America that is, and (b) his continuing persecution.

10. The essential relief sought is the following : (a) a protective order preventing a further false arrest on a stale Alabama warrant, and related proceedings, when the local US Attorney in DC dismissed the case, dropped the charges in June, 2017 on such premise, and Alabama refused to show to effect extradition; (b) delivery of Brud Rossmann's social security card and Passport to him via US mail when any personal appearance by him at a SSA Office or State Department Office will trigger his further false arrests for the computer-virus like population and re-population of one government database after another, all recycling the prior stale, false, meaningless Alabama warrant to effect de facto violent if not homicidal violent faggotry by natural persons otherwise confessed murderous faggots, skewing Jewish, male hating female, African American, etc.; and, (c) political asylum, the granting of such official status for the continuing targeting, indexing, destruction of Brud Rossmann, until Brud Rossmann leaves this sh*thole - the United States of America that is.

11. Accordingly, Brud Rossmann, natural US citizen, born in Rochester, NY 05 22 64, 1023 a.m., demands in relief Ten Million Dollars ($10,000,000.00) in damages from each such named natural person, across each such lawsuit, as well as injunctive relief and declaratory relief specified further herein.

(Doc. 1-1). Plaintiff's complaint continues in a similar vein for 24 pages. (*Id.*).

Plaintiff's allegations do not state a claim with an arguable basis in fact or law, or alternatively, are insufficient to state a claim upon which relief may be granted by this Court. Plaintiff's pro se complaint is rambling, difficult to decipher, and borders on the delusional. Therefore, the instant complaint is subject to dismissal at the screening stage because it raises

frivolous claims. *See Hill,* 630 F.3d at 471 (quoting *Neitzke,* 490 U.S. at 328); *see also Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. *Iqbal,* 556 U.S. at 678. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/4/17

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRUD ROSSMANN,
    Plaintiff,

vs.

DONALD TRUMP, et al.,
    Defendants.

Case No. 1:17-cv-661
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).